UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

           Plaintiff,           No. 04-80412

vs.           Hon. Gerald E. Rosen

STEVEN LAMAR WALLACE,

           Defendant.
_____/

OPINION AND ORDER DENYING DEFENDANT'S MOTION
TO REMAND TO STATE COURT FOR ENTRY OF GUILTY PLEA

           At a session of said Court, held in
           the U.S. Courthouse, Detroit, Michigan
           on        2/10/06

           PRESENT:  Honorable Gerald E. Rosen
                               United States District Judge

    Defendant Steven Lamar Wallace is charged in a three-count Indictment with being a felon-in-possession of a firearm, possession of a firearm in furtherance of a drug trafficking crime, and possession with intent to distribute marijuana.  The charges against Defendant Wallace arise out of a traffic stop that occurred in the City of Detroit in the early morning hours of March 9, 2004.  On that date, Wallace was stopped by Michigan State troopers on westbound I-96 near the Greenfield Avenue exit for an equipment violation -- a badly damaged driver's side mirror that was hanging onf the mount and dangling down the middle of the car door.  When Defendant Wallace rolled down the car

window, the troopers immediately detected the smell of marijuana. Wallace admitted to the troopers that he had been smoking marijuana at a friend's home just before getting into the car. Wallace was carrying a .22 caliber revolver in his waistband which was discovered by the troopers when searching his person and, upon a search of the car, the officers found a briefcase which contained individually-wrapped packages of marijuana, a small electronic scale, and twenty-two rounds of ammunition for the revolver. Wallace was immediately placed under arrest.

Wallace was initially charged in Michigan state court, but prior to conducting a preliminary examination, on May 11, 2004, the Wayne County Prosecutor dismissed the state court action and his case was referred to the United States Attorney for federal prosecution as part of "Project Safe Neighborhoods," a national initiative aimed at controlling gun violence. Under this crime prevention initiative, defendants who meet specific criteria may be given an opportunity to plead guilty in state court to a felony firearm offense in lieu of federal prosecution.[1]

No plea offer, however, was extended to Defendant Wallace because he did not meet the criteria for eligibility in the Project Safe Neighborhoods program. He was charged not only with gun offenses -- felon-in-possession and felony firearm -- but also with two drug offenses -- Delivery of Marijuana and Delivery of a Schedule Four

---

[1] Defendant claims that under the Project Safe Neighborhoods program, a person accused in state court of being a felon-in-possession in violation of M.C.L. 750.224(f), "typically" is offered a two-year plea offer.

Controlled Substance, and his sentencing guideline range was well over five years. After his state court case was dismissed, Wallace was indicted by a federal grand jury and charged with being a felon-in-possession of a firearm, possession with intent to distribute marijuana and possession of a firearm in furtherance of a drug trafficking crime.

Wallace now claims that his Constitutional Due Process rights have been violated as a result of not being able to plead guilty in State court to the two-year prison sentence typically offered in Project Safe Neighborhood cases. He, therefore, asks the Court to remand his case to state court to afford him an opportunity to enter a guilty plea there.

As an initial matter, as indicated above, no plea offer was ever extended to Wallace in state court, therefore, there is no plea offer for him to accept. Nor was the state prosecutor compelled to make any plea offer, or even to engage in any sort of plea bargaining. *See Weatherford v. Bursey*, 429 U.S. 545, 561, 97 S. Ct. 837, 846 (1977) (observing that "there is no constitutional right to plea bargain"); *United States v. Sammons*, 918 F.2d 592, 601 (6th cir. 1990). *See also Mabry v. Johnson*, 467 U.S. 504, 507, 104 S. Ct. 2543, 2546 (1984) ("A plea bargain standing alone is without constitutional significance; in itself it is a mere executory agreement which, until embodied in the judgment of a court, does not deprive an accused of liberty or any other constitutionally protected interest.") Furthermore, Wallace's state court case was <u>dismissed</u>; therefore, there are no remaining open state charges to which this Court might remand Wallace to face and plead guilty to -- even if it had the authority to do so.

3

But most importantly, as the Government correctly observes, this Court simply has no authority "remand" this matter to the state court. This Court's reasoning on this point in *United States v. Gray*, 382 F. Supp. 2d 898 (E.D. Mich. 2005), as recently reiterated in *United States v. Robinson*, ___ F. Supp. 2d ___, 2005 WL 2994317 (E.D. Mich. 2005), applies with equal force here:

> This case, in which Defendant is charged with violating a federal statute, lies squarely within the original federal court jurisdiction conferred under 18 U.S.C. § 3231. It is entirely separate and distinct, therefore, from any state court proceeding arising from Defendant's alleged violation of state law. *See United States v. Louisville Edible Oil Products, Inc.*, 926 F.2d 584, 587 (6th Cir.1991) (explaining that the "dual sovereignty" doctrine recognizes the power of state and federal authorities to bring separate criminal suits against a defendant arising out of the same underlying conduct). This Court is powerless, therefore, to order a "remand" of this distinctly federal case to state court.

2005 WL 2994317 at *6 (quoting *United States v. Gray*, 382 F.Supp.2d at 901 (footnote omitted)).

For all of these reasons,

IT IS HEREBY ORDERED that Defendant's "Motion to Remand to State Court for Entry of Guilty Plea" be, and hereby is, DENIED.

                                         s/Gerald E. Rosen
                                         Gerald E. Rosen
                                         United States District Judge

Dated: February 10, 2006

I hereby certify that a copy of the foregoing document was served upon counsel of record on February 10, 2006, by electronic and/or ordinary mail.

                              s/LaShawn R. Saulsberry
                              Case Manager